McKinkdy, J.,
delivered the opinion of the Court.
This suit was commenced by warrant before a justice of the peace, to recover a penalty prescribed by an ordinance of the City Council. Judgment was rendered against the defendant below by the justice, and again, upon an appeal by the Circuit Court, and the case is brought to this Court by an appeal in error.
The ordinance upon which the suit is founded, is as follows “ That any person or persons who shall keep, within the limits of this corporation, a house of ill-fame j or who shall wilfully permit any house owned by him, her, or them, to be kept in a disorderly manner, viz: a house to which men resort for the purpose of criminal intercourse with lewd women, such person or persons shall be subject to a fine of not less than ten, nor more than fifty dollars, for such offence; and a like sum for every day such house may be so continued to be kept.”
By an act of the General Assembly, passed in 1848, (ch. 168, § 6,) to amend and reduce into one act, the several acts incorporating the town of Nashville, various specific powers are conferred upon the Mayor and Aldermen; and, among others, the power “To regulate, or prohibit and suppress all disorderly houses and bawdy houses.”
1. No question can be raised therefore, as to the validity of the ordinance, the power being given in express terms by the statute. And the grant of the power to “prohibit and suppress all disorderly and bawdy houses,” carries with it, by necessary implica- *357 4ion, tbe right and the power to adopt all such lawful means or methods as may be found necessary to effect the end “in view. The method adopted in the case before us, by forbidding the owners of houses within the corporation, under a penalty, to let a house to be used or kept for the purposes of prostitution, was unquestionably a proper exercise of the power granted. And without the aid of express power by Legislative grant, the validity of the ordinance might be maintained. A bawdy house is a common nuisance, because it not only tends to corrupt the public morals by an open profession of prostitution, but it likewise endangers the public peace and good order, by drawing together profligate and disorderly persons. It is, therefore, an indictable offence at common law ■to keep sueh a house. And not only may the keeper of the house be indicted for the nuisance, but the owner of the property, letting it with knowledge that it is to be used for the purposes of prostitution.—3 Pick. R., 26; 4 Denio’s R., 129; Wharton’s Criminal Law, 703, (2d ed.)
In this view, the general power of a corporation to adopt such police regulations as are not incompatible with the constitution and general laws of the State, would suffice to give validity to the ordinance in question.
2. It is insisted that the judgment is erroneous, because it is on a ground not described in the ordinance. Two things only, it is said are prohibited by the ordinance. First, keeping a house of ill-fame; an d secondly, permitting one’s house to he kept in a disorderly manner. It is argued that, as “ a house of ill- *358 fame ” is, in law, a thing very different from a “ disorderly house;” and that, although the charge made against the defendant in the warrant, is, in effect, for suffering his house to be kept as a “ disorderly house,” yet, by the charge of the Court he is made liable for a different offence, and one not created by, or defined in the ordinance — namely, permitting his house to be used for the purposes of a bawdy house.
This reasoning is more ingenious than sound. The ordinance defines what is intended to be understood by permitting a house to be kept in a disorderly manner — namely, “a house to which men resort for the purpose of criminal intercourse with lewd women,” and not a “ disorderly house” in the technical sense of the law. In this view, the charge of the Court is correct, and the judgment proper.
3. The supposed matter in abatement was waived by the omission of the defendant to avail himself of it at the proper time, and in the proper manner.—Agee vs. Dement, 1 Hum., 332, 335.
4. There was no error in allowing the amedment. By the act of 1852, ch, 152, § 6, amendments in penal actions and civil suits are placed upon the same footing.
Judgment affirmed.